Civil Action No.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------

| | |
|---|---|
| **YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC**, ) <br><br> ) <br><br> *Plaintiffs*, ) <br><br> -against- ) <br><br> **AGENCY LAB LLC**, the business located at 191 University Blvd. #230, Denver, CO 80206 and **JOEL KAPLAN**, individually and as the CEO of the Agency Lab LLC, and **JOHN DOES and/or JANE DOES**[1] ) <br><br> *Defendants.* ) | **COMPLAINT** <br><br> **1:25 CV 2712** <br> **Class Action** <br> **Jury Demanded** |

---------------------------------------------------------------------------------------

## CLASS ACTION COMPLAINT

Comes now Plaintiffs **YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC**, complaining of unsolicited commercial communications, hereby alleges as follows:

## INTRODUCTION

1.      Plaintiffs YANDY REYES and RE: YES LAW PLLC (hereinafter "Plaintiff" or "Plaintiffs" or "Called party" or "Called parties") are bringing this action against AGENCY LAB LLC, the business located at 191 University Boulevard #230, Denver CO 80206, business entity name currently unknown, JOEL KAPLAN, individually and in its official capacity as the CEO of the Agency Lab LLC, and JOHN DOES and/or JANE DOES (hereinafter "Defendants" or "Calling parties") for violating the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, the regulations promulgated thereunder and N.Y. General Business Law ("GBL") § 396-AA*2. Congress enacted the TCPA in 1991 to prevent the unsolicited calling to persons who had not provided express invitation or permission to receive such calls. Congress believed that unsolicited calls improperly invaded into the private life of called parties and provided for remedies in the form of money damages and injunctions.

---

[1] And John Doe and/or Jane Doe agents, whose identities are exclusively known to the defendants and, if they exist, will be discoverable in pre-trial litigation, and whom the Plaintiffs fully intend to name as defendants, including members of the marketing team and the director.

Civil Action No.

2.      Defendants have recently caused thousands of calls to be made against thousands of individuals. Defendants are therefore liable to Plaintiffs and the proposed Classes of similarly situated persons under the TCPA and GBL § 396-AA*2.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiffs' and the Classes A and B 's TCPA claims under 28 U.S.C. § 1331 and 47 U.S.C § 227.

4.      This Court also has supplemental jurisdiction over Plaintiffs' and Class B's GBL § 396-AA*2 claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of New York within the meaning of 28 U.S.C. § 1391(c).

6.      Venue in this judicial district is also proper under 28 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

7.      At all relevant times Yandy Reyes was and is a resident of the County of Westchester, in the State of New York.

8.      At all relevant times, RE: YES LAW PLLC was and is a business registered and doing business in the County of Queens, in the State of New York.

9.      Upon information and belief, Defendant AGENCY LAB LLC, is a limited liability company registered in the State of Colorado, with its principal place of business located at 191 University Blvd., #230, Denver, CO 80206.

10.     JOEL KAPLAN is the Chief Executive Officer (CEO) of the Agency Lab LLC.

Civil Action No.

11.     Similarly, John Does, or Jane Does is/are the corporate officers, directors, marketing representative, or agent that handles the same for AGENCY LAB LLC and/or JOEL KAPLAN.

12.     Plaintiffs will be referred hereinafter as the "called party."

13.     Defendants will be referred hereinafter as the "calling party."

## **FACTUAL ALLEGATIONS**

14.     Called party provided its phone number to the calling party when it subscribed to its services.

15.     Called party has been a paying subscriber with Sprint for over fifteen (15) years with telephone service at (646) 633 – 5467. Called party now subscribes with T-Mobile; same number.

16.     On the following instances, calling party communicated with called party using an Automatic Telephone Dialing System (ATDS)[2] text messages:

    i.     On April 15, 2021, at 7:13 p.m., from (720) 902 – 7122 phone number;

    ii.    On April 15, 2021, at 8:48 p.m., from (720) 902 – 7122 phone number;

    iii.   On April 22, 2021, at 12:38 p.m., from (720) 902 – 7122 phone number;

    iv.    On June 17, 2021, at 2:06 p.m., from (720) 902 – 7122 phone number;

    v.     On June 30, 2021, at 1:37 p.m., from (720) 902 – 7122 phone number;

    vi.    On June 30, 2021, at 2:57 p.m., from (720) 902 – 7122 phone number;

---

[2] Automatic telephone dialing system (ATDS) is a device that stores telephone numbers to be called, those numbers having been generated by a random or sequential number generator. Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.

Civil Action No.

17.     On April 15, 2021, at 9:01 pm., the called party replied "Do not text me anymore. Stop." to the calling party's messages, to no avail, as the called party received a new message from the calling party on April 22, 2021.

18.     On April 22, 2021, at 12:39 p.m. called party replied "Stop with these autodialed calls. They are a violation against the TCPA. Continue and I will sue you.", to no avail, as the Called party received a new message from calling party on June 17, 2021."

19.     On June 17, 2021, at 2:14 p.m., called party replied "Stop texting me… again" to calling party, to no avail, as called party received a new message from calling party on June 30, 2021.

20.     On June 30, 2021 at 2:10 p.m., called party replied "Stop" to calling party, and calling party replied at 2:57 p.m. "You have successfully been unsubscribed […]."

21.     Caller continued to text despite efforts to stop the texts.

22.     Called party read the messages.[3]

    a.  Underlying communications were telemarketing and/or informational messages.

23.     Called party concluded that the communication originated from a machine, computer, automatic, prerecorded, artificial, etc. system.

24.     The texts were a violation of the Telephone Consumer Protection Act (TCPA). *See generally*, 47 U.S.C. § 227, et. al.[4]

---

[3] Texts are a form of calls. *See*, FCC 15-72 ¶ 107. *See also*, 2003 TCPA Order, 18 FCC Rcd at 14115, ¶ 165; 47 U.S.C § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

[4] The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227 (b)(1)(A)(iii).

Civil Action No.

25.    In total, calling party made **SIX (6)** unsolicited calls/texts to called party.

26.    Calling party made the communication directly to called party.

    i.    That communication was made for marketing and/or informational and/or other purposes in order to communicate to called party.

27.    If calling party did not communicate directly with called party, calling party caused that communication to occur through an agency relationship with a third party, John Doe and/or Jane Doe.

    i.    That communication was made for marketing and informational or other purposes in order to communicate to the called party.

28.    In sum and substance, the content of the communications involved Agency Lab inviting the called party to join online conferences.

29.    Texts were not made for an emergency purpose.

30.    Upon information and belief, Defendants willfully[5] and knowingly arranged for the messages to be sent to Plaintiffs.

31.    Upon information and belief, Defendants had, either willfully and knowingly, arranged for thousands of unsolicited messages for telemarketing and informational purposes to persons all over the United States.

32.    Upon information and belief, Defendants did not establish, implement, or mention written procedures, did not train personnel, or segregate "Do Not Call" numbers to avoid violations.

33.    Texts were not made with called party's prior express consent, neither orally nor written.

---

[5] 47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C. § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C. § 227 falls] or by a treaty ratified by the United States."

Civil Action No.

   a) If called party gave consent, it was inadvertently because calling party did not supply that information in a *clear and conspicuous* manner; and/or

   b) If called party gave consent, that consent was for a limited purpose and calling party exceeded the scope of that consent.

34.    Texts were made to the called party's own personal phone number – on a phone number that Plaintiff Re: Yes Law PLLC heavily relies on that Yandy Reyes receive and make calls.

35.    Plaintiff Re: Yes Law PLLC was directly harmed by defendants' actions against Plaintiff Yandy Reyes, inter alias, as such calls distracted Plaintiff Yandy Reyes during work hours, during project completions, and/or during client calls. Additionally, Plaintiff Re: Yes Law PLLC is harmed as Plaintiff Yandy Reyes's time is spent on this matter while significant, profitable estate planning, estate litigation, and civil litigation matters are pending to be completed, continuously.

36.    Plaintiff Re: Yes Law PLLC regularly charges clients over $500.00 an hour for Plaintiff Yandy Reyes's time.

37.    Previous to the underlying violations, called party registered with the FCC's residential subscribers "Do Not Call" List (Plaintiff on National Do Not Call Registry since September 11, 2007).

38.    As a direct and proximate result of defendants' actions, called party felt a great invasion of its privacy and was forced to become distracted from its business and/or pleasure endeavor to answer the calling party's communication.

## CLASS ALLEGATIONS

39.    Plaintiffs bring this class action on behalf of itself, and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

40.    Plaintiffs seek to represent two classes of individuals defined as follows:

Civil Action No.

      i.  Class A: All persons in the United States from the four years prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent; and

      ii.  Class B: All persons in the United States from the four years prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent and persons who registered with the "Do Not Call" list.

41.     Classes A and B are hereinafter referred to collectively as the Classes.

42.     <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties of this Court.

43.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' messaging and marketing records.

44.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

45.     <u>Typicality</u>: the Plaintiffs' claims are typical of the claims of the members of Classes. The claims of the Plaintiffs and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

46.     Plaintiffs and members of the Classes each received at least one call with similar or same content as described above.

Civil Action No.

47.     Common Questions of Fact and Law: There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes.

48.     The questions of fact and law common to Plaintiffs and the Classes predominate over questions which may affect individual members and include the following:

       i.    Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiffs and members of Class A calls without Plaintiffs' and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

      ii.    Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiffs and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device, was knowing or willful;

     iii.    Whether Plaintiffs and the members of the Classes are entitled to statutory damages, triple damages, costs, and reasonable attorney fees for Defendants' acts and conduct; and

     iv.    Whether Plaintiffs and members of the Classes are entitled to a permanent injunction enjoining Defendants from continuing to engage in unlawful conduct.

49.     Adequacy of Representation: Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiffs have retained counsel who is competent and experienced in litigation and TCPA pre-litigation, and will retain additional counsel as required.

50.     Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are

Civil Action No.

relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying inconsistent or contradictory judgments and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

51.    Injunctive Relief: Defendants have acted on grounds generally applicable to Plaintiffs and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiffs and the Classes as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

52.    Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

53.    By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b) against Plaintiffs and the member of Class A to wit: the text messages containing telemarketing and/or informational content; Defendants' messages and/or causing to be messaged to Plaintiffs and the members of Class A were unsolicited, without prior express consent, either orally or written.

54.    Accordingly, Plaintiffs and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b)(3)(B), greater than their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

Civil Action No.

55.     If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiffs and the members of Class A, Plaintiffs request an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful and knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

56.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

57.     By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(c) against plaintiffs and the member of Class B to wit: the call containing telemarketing and/or informational content as Defendants' messages and/or causing to be messaged to Plaintiffs and the members of Class B were unsolicited, without prior express consent, either orally or written—while Plaintiffs and the members of Class B were registered in the national "Do Not Call."

58.     Accordingly, Plaintiffs and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(c)(5)(B), the greater of their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

59.     If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiffs and the members of Class B, Plaintiffs request an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(c)(5)(B), as authorized by 47 U.S.C. § 227(c)(5)(C) for willful and knowing violations.

Civil Action No.

## AS AND FOR A THIRD CAUSE OF ACTION

60.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

61.     As described above, upon information and belief, Defendants committed numerous violations of 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

62.     Accordingly, under 47 U.S.C. § 227(b)(3)(A) and §227(c)(5)(A), Plaintiffs and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violation of the above-mentioned statutes and regulations. [6]

## AS AND FOR A FOURTH CAUSE OF ACTION

63.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporate such allegations by reference.

64.     As described above, upon information and belief, Defendants committed thousands of violations of NY GBL § 396-AA*2.

65.     Accordingly, pursuant to NY GBL 396-AA*2(3), Plaintiffs and members of Classes A and B are entitled to statutory damages in an amount greater than one hundred dollars ($ 100.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Classes, prays for:

    i.     An order certifying the Classes and appointing Plaintiffs as the representatives of the Classes and appointing the lawyer representing the Plaintiffs as counsel for the Classes;

---

[6] *See*, 47 U.S.C. § 227(b)(3)(C) (allowing monetary and enjoining relief).

Civil Action No.

ii.   An award to Plaintiffs and the members of the Classes of statutory damages, in excess of $500.00 per violation for each Class A and Class B, pursuant to 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c), for Defendants' violations of those statutes, for a collective amount of $1,500,000.00;

iii.   If it is found that Defendants willfully and/or knowingly called and/or caused to be called to Plaintiffs and the Classes, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiffs and the members of Class A and/or Class B, to three times that amount described in a previous paragraph, as authorized  by 47 U.S.C. § 227(b)(3) and §227(c)(5) , for willful and/or knowing violations. Plaintiffs will therefore seek an increase from an award in excess of five hundred dollars ($500.00) for each violation for both Class A and Class B to an award in excess of one thousand five hundred dollars ($1,500.00) for each violation for each of Class A and Class B against Defendants, for a collective amount of $5,500,000.00;

iv.   An injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and the regulations promulgated thereunder;

v.   An award to Plaintiffs and the members of Class B of statutory damages, in excess of $ 100.00 each for Defendants' violation of GBL § 396-AA*2, for a collective amount of $250,000.00; and

vi.   Such other and further relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

66.    Plaintiffs demand a trial by jury.

Dated:        Westchester, New York
              April 1, 2025

                                          Respectfully submitted,

                                          _____
                              BY:   **YANDY REYES, ESQ.**
                                    **RE: YES LAW PLLC**
                                    *Attorney for Plaintiff*
                                    118-35 Queens Blvd., Ste. 400

Civil Action No.

Forest Hills, NY 11214
(646) 577-9022 | (646) 633-5467
reyeslaw@estateplanningreyes.com

MAIL TO:
AGENCY LAB LLC
*Defendant*
191 University Blvd, #230, Denver, CO 80206

Emailed to:
legal@agencylab.io

Civil Action No.

## **CERTIFICATION/ INDIVIDUAL VERIFICATION**

I, **YANDY REYES**, ESQ., an attorney admitted to practice in the courts of New York State, state that I am the attorney and Plaintiffs in the action within; certify that I have read the foregoing and know the contents thereof, and, to the best of my knowledge and information and belief, the presentation of the papers is not frivolous and, where the paper is an initiating pleading, that the matter was not obtained through illegal conduct or, if it was, that the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing fees and that the matter was not obtained in violation of DR 7-111. (22 N.Y.C.R.R. 130-1.1-a[b]).

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Westchester, New York
       April 1, 2025

_____
                **YANDY REYES**

Sworn to before me on

April 1, 2025



_____
Notary Public
My Commission Expires:
(Affix Notary Stamp or Seal)